UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


DEMETRIOUS IVEY,

                    Petitioner,

v.                                    Case No. 3:08-cv-102-J-34TEM

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,[1]
et al.,

                    Respondents.

_____

## ORDER

### I. Status

     Petitioner Demetrious Ivey, who is proceeding pro se and in forma pauperis, initiated this action by filing a Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254 on January 23, 2008, pursuant to the mailbox rule.  Petitioner challenges a 2004 state court (Putnam County, Florida) judgment of conviction for trafficking in cocaine on the following grounds: (1) the trial court erred by limiting Petitioner's cross-examination of Tracy Clark, the State's key witness, on matters of bias, motive, interest, and animus; (2) ineffective assistance of counsel based

_____

     [1] The Secretary of the Florida Department of Corrections, having custody of Petitioner, is the proper Respondent.

upon his counsel's (a) failure to call Bohannon[2] and Zachary Brown, as witnesses critical to Petitioner's defense, and (b) misadvising Petitioner about Brown's testimony; (3) ineffective assistance of counsel because counsel failed to elicit testimony about the source of Petitioner's income; (4) ineffective assistance of counsel based upon counsel's failure to object to the admission of $6,950; (5) ineffective assistance of counsel based upon the failure to object to the prosecutor's direct examination of Tracy Clark; (6) ineffective assistance of counsel based upon counsel's misstatement of the law on the element of knowledge for the lesser included offense of possession of cocaine; and (7) ineffective assistance of counsel because counsel failed to object to the prosecutor's closing argument, in which he vouched for the reliability of the State's global positioning system (GPS) tracking device used during law enforcement's surveillance of Petitioner.

Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Response to Petition (Response) (Doc. #6).[3] On March 19, 2008, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #5), admonishing Petitioner regarding his obligations and giving Petitioner a time frame in which to submit a reply. Petitioner submitted a brief in reply on

---

[2] The Court was not able to discern a first name for Bohannon from a review of the record.

[3] The Court will refer to Respondents' exhibits as "Resp. Ex."

2

July 9, 2008.  <u>See</u> Petitioner's Reply to the State's Answer to his 2254 (Reply) (Doc. #12).  This case is ripe for review.

## II. Procedural History

On July 25, 2003, Petitioner was charged in Putnam County, Florida, with trafficking in cocaine (400 or more grams) (count one) and driving while his license was canceled, suspended or revoked (count two).  Resp. Ex. B at 27, Amended Information. After jury selection, Petitioner proceeded to a jury trial on February 26, 2004.  <u>See</u> Resp. Ex. C, Transcript of the Jury Trial Proceedings (Tr.).  At the conclusion of the trial, a jury found Petitioner guilty of both offenses.  Resp. Ex. B at 132, Verdict, dated February 27, 2004; Tr. at 387.  On March 17, 2004, the trial court adjudicated Petitioner guilty of trafficking in cocaine and driving with a canceled, suspended or revoked license and sentenced him to fifteen years of imprisonment on count one and time served on count two.  Resp. Ex. D at A at 190-91.

On appeal, Petitioner, through counsel, filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and raised the following claim:  whether the trial court erred in restricting the cross-examination of witness Tracey Clark, thereby preventing Petitioner from showing her bias against him.  Resp. Ex. E, Initial Brief of Appellant.  The State filed its notice that it would not file an answer brief unless the court found an arguable claim. Resp. Ex. E, Notice of Intent.  Petitioner filed a <u>pro se</u> appellate

brief, arguing that the trial court committed reversible error and deprived Petitioner of his Sixth Amendment right to effectively cross-examine Tracy Clark, thereby limiting Petitioner's ability to explore possible bias and motive resulting from Clark's knowledge of and possible involvement in the theft of a truck purchased by Petitioner.  Resp. Ex. E, Appellant's Pro Se Initial Brief.  The State filed its notice that it would not file a supplemental answer brief in response to the pro se brief unless the court found an arguable claim.  Resp. Ex. E, Notice of Intent.  On December 21, 2004, the appellate court affirmed Petitioner's conviction and sentence per curiam.  Ivey v. State, 889 So.2d 83 (Fla. 5th DCA 2004); Resp. Ex. E.  The mandate issued on January 7, 2005.  Resp. Ex. E.  Petitioner did not seek review in the United States Supreme Court.

On September 1, 2005, Petitioner filed a pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motion), in which he argued that his counsel was ineffective based upon his (1) failure to properly prepare for trial and inform Petitioner of the evidence against him, resulting in Petitioner's rejection of a favorable ten-year plea; (2) failure to call Zachary Brown and Bohannon, as witnesses critical to the defense, and misadvising Petitioner about Brown's testimony, which resulted in Petitioner's acquiescence in not calling him; (3) failure to elicit testimony about the source of

Petitioner's income when such information would have explained Petitioner's possession of $6,950 found in the car and would have refuted the State's theory that the money was the fruit of drug trafficking; (4) failure to object to the admission of $6,950, which had no proven connection to Petitioner's trafficking charge; (5) failure to object to the prosecutor's direct examination of Tracy Clark, during which the prosecutor employed improper, suggestive, and leading questions; (6) in closing argument, misstating the law on the element of knowledge for the lesser included offense of possession of cocaine; and (7) failure to object to the prosecutor's improper closing argument, in which he vouched for the GPS tracking device used for law enforcement's surveillance of Petitioner.  Resp. Ex. F at 1-30.  The State submitted a memorandum in opposition to the motion, id. at 32-38, and Petitioner replied.  Id. at 39-48.  Additionally, Petitioner filed a Motion to Strike Ground One on December 5, 2005.  Id. at 49-50.

On November 9, 2006, the court granted Petitioner's Motion to Strike Ground One, denied the Rule 3.850 motion with respect to grounds three, four, five, six, and seven, and set an evidentiary hearing on ground two.  Id. at 54-73.  Petitioner proceeded pro se at the evidentiary hearing, which the court held on February 27, 2007.  Resp. Ex. G, Transcript of the Evidentiary Hearing (EH

Tr.).[4]  On March 7, 2007, the court denied the Rule 3.850 motion with respect to ground two.  Resp. Ex. F at 90-93.

Petitioner appealed the denial, and the parties filed briefs. Resp. Ex. H.  On December 18, 2007, the appellate court affirmed the denial per curiam.  Ivey v. State, 970 So.2d 845 (Fla. 5th DCA 2007).  The mandate issued on January 4, 2008.

### III. One-Year Limitations Period

The Petition is timely filed within the one-year period of limitations.  See 28 U.S.C. § 2244(d); Response at 7-8.

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."  Id.  The pertinent facts of this case are fully developed in the record before the Court.  Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert.

---

[4] In citing to the transcript of the evidentiary hearing, this Court will refer to the page number in the lower right-hand corner of the page since it is more readily visible.

<u>denied</u>, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

### <u>V.   Standard of Review</u>

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d).  This standard is described as follows:

> As explained by the Supreme Court, the phrase "'clearly established Federal law' . . . refers to the holdings . . . of [the Supreme Court's] decisions as of the time of the relevant state-court decision." <u>Williams v. Taylor</u>, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).  We have held that to be "contrary to" clearly established federal law, the state court must either (1) apply a rule "that contradicts the governing law set forth by Supreme Court case law," or (2) reach a different result from the Supreme Court "when faced with materially indistinguishable facts." <u>Putman v. Head</u>, 268 F.3d 1223, 1241 (11th Cir. 2003).

> As regards the "unreasonable application" prong of § 2254(d)(1), we have held as follows:

>> A state court decision is an unreasonable application of clearly established law if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context.  An application of federal law cannot be considered unreasonable merely because it is, in our judgment, incorrect or erroneous; a state court decision must also be unreasonable.  Questions of law and mixed questions of law and fact are reviewed <u>de novo</u>, as is the district court's conclusion regarding the reasonableness of the state court's application of federal law.

<u>Jennings v. McDonough</u>, 490 F.3d 1230, 1236
(11th Cir. 2007) (quotation marks and
citations omitted).  In sum, "a federal habeas
court making the 'unreasonable application'
inquiry should ask whether the state court's
application of clearly established federal law
was objectively unreasonable." <u>Williams</u>, 529
U.S. at 409, 120 S.Ct. at 1521.  Finally, 28
U.S.C. § 2254(e)(1) commands that for a writ
to issue because the state court made an
"unreasonable determination of the facts," the
petitioner must rebut "the presumption of
correctness [of a state court's factual
findings] by clear and convincing evidence."[5]
28 U.S.C. § 2254(e)(1).

<u>Ward v. Hall</u>, 592 F.3d 1144, 1155-56 (11th Cir. 2010), <u>cert</u>.

<u>denied</u>, 131 S.Ct. 647 (2010).

Finally, for a state court's resolution of a claim to be an

adjudication on the merits, so that the state court's determination

will be entitled to deference for purposes of federal habeas corpus

review under AEDPA, all that is required is a rejection of the

claim on the merits, not an opinion that explains the state court's

rationale for such a ruling.  <u>Wright v. Sec'y for the Dep't of</u>

<u>Corr.</u>, 278 F.3d 1245, 1255 (11th Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S.

906 (2003).  Thus, to the extent that Petitioner's claims were

adjudicated on the merits in the state courts, they must be

evaluated under § 2254(d).

---

[5] This presumption of correctness applies equally to factual
determinations made by state trial and appellate courts." <u>Bui v.</u>
<u>Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted)
(citing <u>Sumner v. Mata</u>, 449 U.S. 539, 547 (1981)).

## VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted).  The Eleventh Circuit has captured the essence of an ineffectiveness claim:

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To establish a claim of ineffective assistance of counsel, first, "the defendant must show that counsel's performance was deficient . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064.  Second, the defendant must show that counsel's deficient performance prejudiced him. Id.  That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068.

Gaskin v. Sec'y, Dep't of Corr., 494 F.3d 997, 1002 (11th Cir. 2007) (per curiam).  Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner

cannot meet the prejudice prong, and vice-versa." <u>Ward v. Hall</u>, 592 F.3d at 1163 (citation omitted).

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> The question "is not whether a federal court believes the state court's determination" under the <u>Strickland</u> standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." <u>Schriro</u>, <u>supra</u>, at 473, 127 S.Ct. 1933. And, because the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. <u>See</u> <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

<u>Knowles v. Mirzayance</u>, 129 S.Ct. 1411, 1420 (2009); <u>see also</u> <u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In addition to the deference to counsel's performance mandated by <u>Strickland</u>, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision.").

## VII. Findings of Fact and Conclusions of Law

### A. Ground One

Petitioner contends the trial court erred by limiting his cross-examination of Tracy Clark, the State's key witness, on matters of bias, motive, interest, and animus.  Specifically,

Petitioner asserts the trial court limited defense counsel's exploration of possible bias and motive, resulting from Clark's knowledge about and possible involvement in the theft of the truck purchased by Petitioner.  Contrary to Respondents' assertion that Petitioner raised this claim in his Rule 3.850 motion, see Response at 12, Petitioner's counsel raised this claim in the Anders on direct appeal, and Petitioner also raised this claim in his pro se appellate brief.  Reply at 3; see Resp. Ex. E, Initial Brief of Appellant, Appellant's Pro Se Initial Brief.  Instead of filing responsive briefs, the State filed notices that it would not file briefs in response to the initial brief or the pro se brief unless the appellate court found an arguable claim.  Resp. Ex. E, Notices of Intent.  Without requiring responsive briefs from the State,[6] the appellate court affirmed Petitioner's conviction and sentence per curiam.  Ivey, 889 So.2d 83; Resp. Ex. E.

Given this procedural history, the appellate court may have affirmed Petitioner's conviction and sentence on the merits.  If the appellate court addressed the merits, this claim would be entitled to deference under AEDPA.[7]  Applying that standard, Petitioner would not be entitled to relief because a review of the record and the applicable law establishes that the state court's

---

[6] Online docket, Demetrius Tyrone Ivey vs. State of Florida, Case No. 5D04-872, website for the Fifth District Court of Appeal (http://www.5dca.org).

[7] See Wright, 278 F.3d at 1255.

adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.[8]

Additionally, even assuming that the state court's adjudication of this claim is not entitled to deference, Petitioner's claim is without merit. After an extensive review of defense counsel's cross-examination of Clark (Tr. at 65-115), the proffer (id. at 168-79), and the remaining relevant portion of the record (id. at 297-304), this Court opines that the trial judge did not improperly limit counsel's cross-examination of Clark, but gave Petitioner the opportunity to question her on relevant issues pertaining to the charges, to properly impeach her testimony, and to call her as a defense witness.

When counsel explained that he wanted to show Clark's bias towards Petitioner, the trial judge stated: "If you can show bias, then that's something the jury can consider." Id. at 76. However, when counsel inquired about the Ford F-350 truck and trailer that Clark and Petitioner utilized to move cars for the used car business, the prosecutor objected on the basis of relevancy. Id.

---

[8] Petitioner's conclusory assertion that the appellate court's ruling is contrary to, or involved an unreasonable application of clearly established federal law, as determined by the United States Supreme Court in Davis v. Alaska, 415 U.S. 308 (1974), is unconvincing.

at 111. The trial judge sustained the objection, but told counsel that he could proffer the testimony. <u>Id</u>. at 112-113.

Thereafter, defense counsel proffered Clark's testimony regarding the truck and trailer. <u>Id</u>. at 168-79. During the proffer, Clark acknowledged the following: that she was with Petitioner in Daytona when they purchased the truck and trailer from Bohannon, that she had put her name on the back of the trailer title, that she knew the man (Zachary Brown) arrested for stealing the truck from Petitioner's uncle's driveway, and that she had seen Brown a few days prior to the trial. <u>Id</u>. at 168-72. While acknowledging that the truck was later recovered at her father's paint shop, Clark testified that she did not have anything to do with it. <u>Id</u>. at 172-74. She further testified on proffer that Petitioner never owned the truck. <u>Id</u>. at 179. The trial judge concluded that his previous ruling (<u>id</u>. at 112-13, sustaining the prosecutor's objection based on relevancy) remained the same. <u>Id</u>. at 175, 179.

After the State rested its case, <u>id</u>. at 295, counsel again addressed the issue:

> Well, Your Honor, before I do [(move for judgment of acquittal)], I -- and not -- I'm kind of stuck in a way because I proffered to the Court. **What I intend to do is to show some bias and interest on the part of the witness, Miss Clark, in terms of this business with this truck, and what all happened with this truck.**

> I am unable to present witnesses that
> show that she's already admitted, at least
> established with the jury that she's going and
> involved in buying, and picking up cars, and
> delivering cars down to -- down to south
> Florida, and I didn't get the chance to go
> further. That the other two cars that came
> back also went to her father's place.
>
> And it's at this point, which is highly
> extraordinary for -- because I've got a
> witness out here that's ready to testify that
> his truck got stolen. The truck got stolen in
> front of her house.

Id. at 297 (emphasis added). The trial judge responded:

> There is no dispute in front of the jury
> that they were in the business of buying cars.
> But the ownership of the car, she testified
> flat out that [Ivey] didn't own that truck.
>
> Now, if you can produce some evidence
> that [Ivey] owned the truck, then that
> evidence might become relevant. But right now
> --

Id. at 297-98. After discussion with defense counsel, the trial judge concluded that defense counsel could impeach Clark's testimony by calling a witness, but that Clark had already testified that Petitioner did not have an ownership interest in the truck. Id. at 298-303. The trial judge stated: "If you have evidence to impeach [Clark's] testimony, you're free to produce [it]. I'm not -- I'm not restricting you at all." Id. at 303. Thereafter, when defense counsel suggested that he may call Clark as a defense witness, the trial judge stated: "But he has a right to call her. I'm not going to restrict him on that." Id. at 304.

14

Nevertheless, the defense did not call Clark as a defense witness nor any other defense witnesses.  Defense counsel stated:

> Instead of calling Miss Clark back, and calling and talking about the theft issue, which in my opinion would show that Miss Clark's credibility still could be, you know, questioned, we want to go ahead and go without presenting a defense and go -- waive the defense.

Id. at 314.  Based on the record, the trial judge did not improperly limit defense counsel's cross-examination of Clark. Therefore, this ground is without merit.

## B. Ground Two

Petitioner claims counsel was ineffective because he (a) failed to call Bohannon and Zachary Brown, witnesses critical to his defense, and (b) misadvised him about Brown's testimony.  As acknowledged by the parties, Petitioner raised this claim in his Rule 3.850 motion, as ground two.  Resp. Ex. F at 8-13.  This issue the subject of the state court evidentiary hearing, at which Petitioner's defense counsel testified.  After the evidentiary hearing, the trial court identified the two-prong Strickland ineffectiveness test as the controlling law, and applying that test, denied the Rule 3.850 motion with respect to this claim.  In doing so, the court stated in pertinent part:

> The Court denied all of the remaining Grounds with the exception of Ground Two in which the Defendant asserted that his Trial Counsel was ineffective for misadvice and failing to call two witnesses he felt were critical to his defense.  The Court set this

Ground to be heard at an Evidentiary Hearing held on February 27, 2007.

Based on testimony presented at this hearing, the Court rules as follows.

The Defendant made the argument that witness Tracy Clark was paid by law enforcement to set up the Defendant by planting the two kilos of Cocaine in the Defendant's vehicle. It was asserted that witness Clark wished to have the Defendant arrested so she could obtain proceeds from the sell [sic] of the Defendant's stolen truck. The Defendant asserted that witness Zachary Brown who was charged with the theft of the vehicle and witness Bohannon who initially sold the vehicle to the Defendant should have been called.

However, Trial Counsel gave credible testimony at the hearing that he thought that the State did not have strong enough evidence such as finger prints or good surveillance to ultimately convict the Defendant and this would have created confusion with the jury.[9] That he originally only wanted Brown's testimony just to impeach Clark as being dishonest and that after a discussion with the Defendant, it was decided that Brown's testimony would be waived.[10] Trial Counsel testified further that Bohannon could have only testified that he sold the truck to the Defendant.[11] Trial Counsel testified that Brown never told him that law enforcement personnel ever paid her [(Clark)] to set the Defendant up.[12]

---

[9] <u>See</u> EH Tr. at 120, 132–33.

[10] <u>See</u> EH Tr. at 135.

[11] <u>See</u> EH Tr. at 136.

[12] <u>See</u> EH Tr. at 117, 118, 122.

> Witness Brown testified at the hearing that he knew of no payment to Clark, that he only had knowledge that witness Clark was offered a deal that she would not be convicted on these matters if she would give the Defendant up.[13]
>
> Therefore, based on the testimony presented, the Court concludes that the decision not to call the witnesses was based on strategic reasons employed by Trial Counsel and considering the circumstances, the Court does not find the strategy was unsound. Although, the Defendant makes the argument that witness Clark was paid by law enforcement to set the Defendant up, no credible testimony was presented at the hearing to support this assertion.

Id. at 91-92.  Upon Petitioner's appeal, the appellate court affirmed the denial per curiam.  Ivey, 970 So.2d 845.

This ineffectiveness claim was rejected on the merits by the state trial and appellate courts.  As there are qualifying state court decisions, this claim will be addressed applying the deferential standard for federal court review of state court adjudications required by AEDPA.  After a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law.  Nor were they based on an unreasonable determination of the facts in light of the

---

[13] See EH Tr. at 143-44, 148.

evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this claim.

Even assuming that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Petitioner's claim is without merit. The record supports the trial court's findings. In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence. The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted). Thus, Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose. United States v. Freixas, 332 F.3d 1314, 1319-20 (11th Cir. 2003).

At the evidentiary hearing, Petitioner proceeded pro se and did not testify. Henderson,[14] Petitioner's defense counsel, testified that the decision to call defense witnesses came at an

---

[14] Wayne Fetzer Henderson was admitted to the Florida Bar in 1982 and became board certified in criminal law in 1992. See http://www.floridabar.org. At the time of Petitioner's criminal trial in 2004, Henderson had been practicing criminal law over twenty years. EH Tr. at 126.

18

expense:  "we would have to give up opening and closing arguments at the end of trial."[15]  EH Tr. at 111.  He explained:

> I talked to Mr. Brown.  Mr. Brown indicated that he was involved in the taking of your truck, but the Judge had already ruled that when I was trying to question Ms. Clark about these very same things that even giving what she had to say that it was immaterial to the facts at hand.  He wasn't going to allow that in.  And it seemed like there was nothing more to be gained, you know, from Mr. Brown if I was able to get Mr. Brown in for the limited purpose of saying he had the truck or took the truck, that we would end up losing opening and closing to the State of arguments, and I thought that that was a more important thing to have[,] given the weak nature of the case that the State had against you.  Still had to do with the circumstances of, you know, strong circumstantial evidence that you were alone in a car on a certain day and you had drugs.  And trying to -- trying to show that about what Mr. Brown did seemed fairly specious to me.

> . . . .

> Mr. Brown's testimony was basically I guess in the most -- the most helpful way that Brown could testify from what I understood Brown is Brown would have said, look, Tracy and I stole the man's truck and we took it and we hid it, and I helped her, that's essentially what he had to say.  And that was an issue that I took up with Tracy Clark.  We found the truck down in South Florida.  We sent an investigator down there.  We knew where it was. We talked about where it was,

---

[15] Since the defense did not call witnesses, the trial judge notified the jury that "the Defendant is entitled to divide his time between an opening argument and a rebuttal argument after [the prosecutor] has presented the State's closing argument."  Tr. at 317.  Thus, defense counsel presented an initial closing argument, id. at 318-40, as well as a rebuttal closing argument, id. at 352-59.

where it was found.  We talked about a little
bit of the case.  The Judge put a limit on
what we were able to do with it.

.  .  .  .

Given the way that the evidence unfolded
and the circumstances of your arrest on the
day the police arrested you, it seemed rather
specious to me that the thing that we were
trying to do with Mr. Brown was only to show
that there was more bias and interest on the
part of Tracy Clark in setting up, and to
emphasize that as much as I could, but it
seemed like a stretch even at that point given
the manner in which you were arrested and what
they found and the circumstances under which
they found it.

.  .  .  .

I didn't see that Zach Brown had anything
really substantial to -- you know, to bring to
the table that would -- that would help us or
further emphasize the fact that the State's
case was any better or weaker than it was.

.  .  .  .

[O]f the two witnesses based upon what had
been presented and based upon what Mr.
Bohannon said[,] I thought probably Mr.
Bohannon had the least amount to offer of any
assistance.  Only thing Bohannon could have
said is he sold the truck, that you paid for
it, and the both of you drove it away.  That's
all he had to say.

Id. at 115-16, 121, 121-22, 134, 136.

After the evidentiary hearing, the state court credited
counsel's testimony and concluded that Henderson's decision not to
call the witnesses was based on strategic reasons.  Resp. Ex. F at
92.  The Court notes that credibility determinations are questions

of fact.   See Martin v. Kemp, 760 F.2d 1244, 1247 (1985) (per curiam) (finding that factual issues include basic, primary, or historical facts, such as external events and credibility determinations).   Petitioner has not rebutted the trial court's credibility finding by clear and convincing evidence.   See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).   Given the trial court's credibility determination, Petitioner's claim is wholly unsupported and therefore must fail.   Counsel's performance in deciding not to call Bohannon and Brown to testify at the trial in Petitioner's defense was within "the wide range of professionally competent assistance,"[16] Strickland, 466 U.S. at 690, and Petitioner has failed to establish that counsel's performance was deficient.

Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice.   Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had called Bohannon and Zachary Brown.   As counsel testified, the State had "strong circumstantial evidence" that Petitioner was alone in the car where the drugs were found, so that the collateral issue of the theft of the truck "seemed fairly specious . . . ."   EH Tr. at 116, 122.   In consideration of the foregoing, the Court finds that Petitioner's

_____

[16] Moreover, Petitioner acquiesced in counsel's decision not to call Tracy Clark and Zachary Brown as witnesses for the defense. Tr. at 313-15.

ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.

### C. Ground Three

Petitioner claims counsel was ineffective because he failed to elicit testimony from Clark about the source of Petitioner's income. He argues that such information would have explained Petitioner's possession of the $6,950 found in the car and would have refuted the State's theory and any belief by the jury that the money was the fruit of drug trafficking. Specifically, he asserts that defense counsel did not question Clark, on cross-examination, about her knowledge concerning Petitioner's student loans, his income from personal training endeavors, and his saving money in an attempt to open a gym when such testimony would have benefitted his defense. As acknowledged by the parties, Petitioner raised this claim in his Rule 3.850 motion.

After identifying the two-prong Strickland ineffectiveness test as the controlling law, the trial court denied the Rule 3.850 motion with respect to this claim, stating in pertinent part:

> In Ground Three, the Defendant asserts that his Trial counsel was ineffective due to his failure to elicit testimony about the source of the $6,950 in cash found in his car and refuting the State's theory and any belief by the jury that the money was the fruit of drug trafficking. First, the Defendant is only entitled to "reasonably effective" representation as opposed to "perfect" or "error free" representation. See Bruno v. State, 807 So.2d 55, 68 (Fla. 2002). Regardless, it is not at all clear that there

22

> was actual error on the part of Trial Counsel here. The Court agrees with the State[17] that no argument was made to the jury that to [sic] outwardly asserted that the money was the fruit of drug sales. To elicit testimony from witness Clark may have brought about an adverse effect to the defense by bringing more attention to the money that was found in [the] vehicle along with the drugs. Additionally, Witness Clark was not even with the Defendant when he was stopped on his second trip an[d] return from South Florida.

Resp. Ex. F at 55-56. Following an appeal by Ivey, the appellate court affirmed the denial per curiam.

As this ineffectiveness claim was rejected on the merits by the state trial and appellate courts, there are qualifying state court decisions. Thus, this claim will be addressed applying the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this claim.

Moreover, even assuming the state courts' adjudications of this claim are not entitled to deference, Petitioner's claim is

---

[17] See Resp. Ex. F at 35.

without merit.  A review of Clark's testimony reflects that she did not accompany Petitioner on his second trip to South Florida and was not present when the police stopped him.  Furthermore, there was no evidence that she knew he had concealed money in the side door panel and console nor that she had any personal knowledge of the source of Ivey's funds or his income.  The State never asked the jury to infer that the $6,950 was connected to drug activity.  Under these circumstances, counsel's failure to elicit testimony from Clark about the source of Petitioner's income was not deficient performance.  Petitioner has not shown both deficient performance and the resulting prejudice.  Therefore, this ineffectiveness claim is without merit.

### D. Ground Four

Petitioner claims counsel was ineffective for failing to object to the admission of $6,950.  As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion, which the trial court denied, stating in pertinent part:

> In Ground Four, the Defendant asserts that his Trial Counsel was ineffective in failing to object to the admission of the $6,950 found in the vehicle that the Defendant was stopped in.  Here, the Court agrees with the State that the Defendant has failed to show actual prejudice per <u>Strickland</u> above. More specifically, the State is correct, asserting that the Defendant's claim that the jury may have inferred that he was a drug dealer because they had not been given an alternate explanation for the presence of the cash is nothing but mere speculation which is insufficient to support the grant of an

> evidentiary hearing or any other relief.  See
> Cole v. State, 841 So.2d 409, 418 (Fla. 2003).
> Additionally, as noted in the previous ground,
> the jury was never asked to draw an inference
> that the Defendant was a drug dealer based on
> the money.

Resp. Ex. F at 56.  On Petitioner's appeal, the appellate court affirmed the denial per curiam.

This ineffectiveness claim was rejected on the merits by the state trial and appellate courts.  As there are qualifying state court decisions, this claim will be addressed applying the deferential standard for federal court review of state court adjudications required by AEDPA.  After a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law.  Nor were they based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Therefore, Petitioner is not entitled to relief on the basis of this claim.

Even assuming that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Petitioner's claim is without merit.  Petitioner has not shown both deficient performance and the resulting prejudice.  Therefore, this ineffectiveness claim is without merit.

## E. Ground Five

Petitioner claims that counsel was ineffective because he failed to object to the prosecutor's leading questions during the direct examination of Tracy Clark.  In support of his argument, Petitioner refers to the challenged portions of the direct examination.  See Tr. at 48 (lines 12-13, 18-19, 21-24), 49 (lines 11-12, 14-15, 17-18, 20, 22), 50 (lines 15-16, 18-19, 21), 51 (lines 14-16), 52-53 (lines 24-25, 1), 53 (lines 3, 6, 8-10), 54 (lines 18-19, 21-23), 54-55 (lines 25, 1), 55 (lines 4-5, 7, 10-12), 56 (lines 8-9, 11-12).  As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion.

Respondents contend that this claim is procedurally barred, arguing "he only appealed the trial court's denial of an evidentiary hearing" and "never presented the merits of the ruling to the appellate court." Response at 10-11.  This Court disagrees.  Since this issue was not addressed at the evidentiary hearing, Petitioner was not required to brief the issue on appeal.  See Fla. R. App. P. 9.141(b)(2)(C); Reply at 1-2.  Nevertheless, Petitioner did address the issue in his appellate brief.  See Resp. Ex. H, Appellant's Initial Brief, at 36-41.

After identifying the Strickland ineffectiveness test as the controlling law, the trial court denied the Rule 3.850 motion with respect to this claim, stating in pertinent part:

> In Ground Five, the Defendant asserts
> that his Trial Counsel was ineffective in

26

> failing to object to leading and suggestive questions by the prosecution of a State witness during direct examination. Here, the Court agrees with the Defendant that the Prosecutor's questions were leading and Trial Counsel could have objected. However, it is not entirely clear that the Defendant has shown actual prejudice here. The Court agrees with the State that a number of the questions related to foundational matters.[18]   It is unlikely that had the objections been made, that the outcome of the proceedings would have been different. Additionally, in a strategic sense, it might benefit the defense to allow some leading questions to be asked to provide fodder for cross examination.   Continuous objections by Trial Counsel may actually have an adverse affect.

Resp. Ex. F at 56.   Upon Petitioner's appeal, the appellate court affirmed the denial per curiam.

As this ineffectiveness claim was rejected on the merits by the state trial and appellate courts, there are qualifying state court decisions.   Thus, this claim will be addressed applying the deferential standard for federal court review of state court adjudications required by AEDPA.   Upon review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law.   Nor were they based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.   Thus,

---

[18] See Resp. Ex. F at 36.

Petitioner is not entitled to relief on the basis of this claim.

Nevertheless, assuming that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Petitioner's claim is without merit.  A review of the testimony reflects that the prosecutor asked Clark some leading questions, to which defense counsel could have objected.  However, some of the leading questions related to mere foundational issues, thus objections would not have benefitted the defense.  The critical issue at trial was whether Ivey knew that there were two packages of cocaine in the trunk of the car that he was driving on his second trip back to Putnam County from Palm Beach.  Even assuming deficient performance by counsel for failing to object to the prosecutor's leading questions, Petitioner has not shown resulting prejudice. Therefore, the ineffectiveness claim is without merit.

### F. Ground Six

Petitioner argues that counsel, during closing argument, was ineffective because he misstated the law on the element of knowledge for the lesser included offense of possession of cocaine. As acknowledged by the parties, Petitioner raised this claim in his Rule 3.850 motion.  Respondents contend that this claim is procedurally barred, arguing that Petitioner abandoned the issue on appeal since he did not address the issue in his Rule 3.850 appellate brief.  Response at 12.  This Court disagrees.  As with ground five, Petitioner was not required to brief the issue on

28

appeal.  See Reply at 2.  Nevertheless, he affirmatively stated in his appellate brief that he did not abandon this issue.  Resp. Ex. H, Appellant's Initial Brief, at 6 n.1.

After identifying the Strickland ineffectiveness test as the controlling law, the trial court denied Petitioner's Rule 3.850 motion with respect to this claim, stating in pertinent part:

> In Ground Six, the Defendant asserts that his Trial Counsel was ineffective in presenting an alleged incoherent closing argument and misstating the element of knowledge for the lesser included offense of Possession of Cocaine.  A review of the Trial Transcript shows that the Defendant is correct that Trial Counsel incorrectly misstated an element, stating that "if he didn't know what was in the package, then he would be guilty of possession of cocaine, regardless of what the weight was."  (See Appendix A, Trial Transcript Volume III, page 339).  However, the trial record does show that the Trial Judge correctly read the charges for the lesser included Possession and sent a copy of the jury instructions back with the jurors.  (See Appendix B, Trial Transcript Volume III[,] pages 359-367)[.]

Resp. Ex. F at 56-57 (emphasis deleted).  Following an appeal by Ivey, the appellate court affirmed the denial per curiam.

As this ineffectiveness claim was rejected on the merits by the state trial and appellate courts, there are qualifying state court decisions.  Thus, this claim will be addressed applying the deferential standard for federal court review of state court adjudications.  After a thorough review of the record and the applicable law, the Court concludes that the state courts'

adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this claim.

Moreover, even assuming the state courts' adjudications of this claim are not entitled to deference, Petitioner's claim has little merit. The trial transcript reflects that defense counsel, in closing argument, stated:

> And then the other is the lesser included offense of possession of cocaine. Because you could find the Defendant -- if you found that he didn't know what was inside the package, then he would be guilty of possession of the cocaine, regardless of what it was, the weight.
>
> And so you have -- in a way, the State gets two shots of finding -- you know, I guess, two theories of finding my client guilty.
>
> If ya'll believe that he knew about what was in the trunk, but he didn't know what was inside the package, then I guess it would be guilty of possession of cocaine.

Tr. at 338-39. Under Florida Law, however, the State was required to prove actual knowledge of the presence and nature of the substance both for trafficking and for simple possession of cocaine. See id. at 361-62, 365-66; Resp. Ex. F at 36; State v. Burrows, 940 So.2d 1259, 1262 (Fla. 1st DCA 2006) (setting forth

the three elements of possession of cocaine). Therefore, counsel's misstatement was deficient performance.

Nevertheless, the trial judge properly instructed the jury on the lesser included offense of possession of cocaine, including the knowledge element. Tr. at 365. Moreover, he instructed the jury that there "are some general rules that apply" and that must be followed in order "to return a lawful verdict," specifically that the jury must follow the law as set forth in the court's instructions." Id. at 372-73. Jurors are presumed to follow the court's instructions. See Hammond v. Hall, 586 F.3d 1289, 1334 (11th Cir. 2009), cert. denied, No. 10-7104, 2011 WL 55545 (U.S. Jan. 10, 2011); Brown v. Jones, 255 F.3d 1273, 1280 (11th Cir. 2001) (citations omitted), cert. denied, 534 U.S. 1085 (2002). After reading the court's instructions to the jury, the trial judge gave the jurors a written copy of those instructions on the law so that they could review them during deliberations. Tr. at 379. Moreover, the jury did not find Petitioner guilty of the lesser included offense of possession of cocaine, but rather, found Petitioner guilty of trafficking in cocaine, which did require proof of actual knowledge of the presence and nature of the substance. Thus, any misstatement as to the need for proof of knowledge as to the lesser included offense had no impact on the

outcome of the case.  The ineffectiveness claim is without merit since Petitioner has not shown resulting prejudice.[19]

### G. Ground Seven

Petitioner contends that counsel was ineffective because he failed to object to the prosecutor's closing argument, in which he vouched for the reliability of the State's GPS tracking device which was used during law enforcement's surveillance of Petitioner. Respondents contend that this claim is procedurally barred under the same rationale set forth for ground six.  Response at 12. Again, this Court disagrees.  As with grounds five and six, Petitioner was not required to brief the issue on appeal.  See Reply at 2; Resp. Ex. H, Appellant's Initial Brief, at 6 n.1 (stating he did not abandon the issue).

The trial court identified the Strickland ineffectiveness test as the controlling law, and then ultimately denied the Rule 3.850 motion with respect to this claim, stating in pertinent part:

> In Ground Seven, the Defendant asserts that his Trial Counsel was ineffective in failing to object during the Prosecution's closing argument in which the Prosecutor allegedly vouched for a controversial tracking device used during the surveillance of the Defendant.  However, based on a review of the trial record, the Court agrees with the State

---

[19] Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa."  Ward, 592 F.3d at 1163.

> that the remarks made by the Prosecutor about
> the tracking system were not improper because
> they were in response to remarks made by the
> Defense.      (See   Collective   Appendix   C,
> Prosecutor's response Trial Transcript Volume
> III Pages 346-348 to Defense comments Trial
> Transcript Volume III Pages 326-327).   The
> State refers to <u>Lewis v. State</u>, 879 So.2d 101,
> 102 (Fla. 5th DCA 2004) where the Court found
> that   remarks   made   based   on   an   "invited
> response" to a Defense Attorney's argument are
> not improper.[20]   The case appears to be good
> law and is supported by other case law.   See
> <u>Dulfour [sic] v. State</u>,[21] 495 So.2d 154 (Fla.
> 1986) and <u>Rivera v. State</u>, 840 So.2d 284 (Fla.
> 5th DCA 2003) See also 2-13 *Florida Criminal
> Practice and Procedure Supp.* to @ 13.34.
> Additionally, an objection here would not
> likely have changed the outcome of the
> proceedings  which  is  a  requirement  of
> <u>Strickland</u> above.

Resp. Ex. F at 57 (emphasis deleted).  The appellate court affirmed

the trial court's denial per curiam.

   This ineffectiveness claim was rejected on the merits by the

state trial and appellate courts.   Thus, as there are qualifying

state court decisions, this claim will be addressed applying the

deferential standard for federal court review of state court

adjudications.   Following a careful review of the record and the

applicable law, the Court concludes that the state courts'

adjudications of this claim were not contrary to clearly

established federal law, did not involve an unreasonable

application of clearly established federal law, and were not based

---

[20] <u>See</u> Resp. Ex. F at 37.

[21] <u>Dufour v. State</u>, 495 So.2d 154, 160-61 (Fla. 1986).

on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this ineffectiveness claim.

Additionally, even assuming that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Petitioner's claim is without merit. The prosecutor, during closing argument, stated:

> The other thing I would like you to consider is, you know, Mr. Henderson has offered an awful lot of opinions about what law enforcement should have done. We should have spent money and bought a better tracking device that would tell us when the doors were open, and when the trunk was open, and when this and that. We should have followed him. We should have had somebody down there.
>
> Okay. All of that is Monday morning quarterbacking. That's the equipment we had, and the equipment that we had [sic], and the manpower that we had, and the time that we had. Because remember, this was a breaking issue. This was not something that was planned for weeks, and weeks, and weeks, and weeks.

Tr. at 346-47.

As the post conviction court ruled, the prosecutor's remarks were in response to defense counsel's initial closing argument, id. at 326-27, as well as defense counsel's cross-examination of Detective Merchant, id. at 199-202. See Rivera v. State, 840 So.2d 284, 287 (Fla. 5th DCA 2003) (stating the prosecutor's comments should be reviewed within the context of the entire closing

34

argument and considered cumulatively within the context of the entire record).  Moreover, attorneys are permitted wide latitude in their closing arguments, and the record reflects that the trial judge instructed the jury that the attorneys were not witnesses in the case, and therefore their statements and arguments were not evidence.  Tr. at 19, 317; see Brown, 255 F.3d at 1280 (stating that "jurors are presumed to follow the court's instructions").  Counsel's failure to object to the prosecutor's comments in closing argument was not deficient performance.  Moreover, Petitioner has not shown both deficient performance and the resulting prejudice.  Thus, this ineffectiveness claim is without merit.

## VIII. Conclusion

Upon consideration of the foregoing, the undersigned finds that "[u]nder the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard, see Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam), [Petitioner's] ineffective-assistance claim[s] fail[]."  Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009).  The remainder of Petitioner's claims are without merit.  Accordingly, for the above-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

## IX. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Petitioner seeks issuance of a certificate of appealability, the undersigned opines that a certificate of

appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

36

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability.  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of March, 2011.

MARCIA MORALES HOWARD
United States District Judge

sc 3/10
c:
Demetrious Ivey
Ass't Attorney General (Morris)

37